FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 27 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
    GEORGE QUINONES,

                      Petitioner,

        -against-

    WILLIAM LEE, Superintendent, Green Haven
    Correctional Facility,

                      Respondent.
------------------------------------------------------------X

MEMORANDUM & ORDER

10-CV-4473 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

George Quinones brings this Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, attacking his state conviction in 2005 for third-degree burglary. He asserts that the trial court deprived him of his Sixth and Fourteenth Amendment rights under Apprendi v. New Jersey, 530 U.S. 466 (2000), by sentencing him under New York's persistent felony offender statute. This claim, however, is squarely foreclosed by the Second Circuit's decision in Portalatin v. Graham, 624 F.3d 69 (2d Cir. 2010) (en banc). The Petition is therefore DENIED.

## I.    BACKGROUND

On April 21, 2004, at around 12:05 PM, Officers Spytz Karl-Otto and Jason Cohen arrested Quinones after receiving a 911 call regarding a burglary in progress in the Brownsville area of Brooklyn. (Def. App. Br. (Docket Entry #1-5) at 11.)

Quinones was charged in New York Supreme Court, Kings County, with second-degree burglary, third-degree burglary, second-degree criminal trespass, petit larceny, and fifth-degree criminal possession of stolen property. (Aff. of Ann Bordley in Opp'n to Pet. for Writ of Habeas Corpus (Docket Entry #9) ("Bordley Aff.") ¶ 7.)

1

On January 21, 2005, after a four-day trial, the jury convicted Quinones of third-degree burglary. (Id. ¶ 9.) On May 11, 2005, the trial court sentenced Quinones, as a persistent felony offender with four prior felony convictions, to a prison term of eighteen years to life. (Id. ¶ 10.)

Quinones appealed his judgment and conviction to the New York Supreme Court Appellate Division, Second Department. He argued, inter alia, that his adjudication and sentence as a persistent felony offender based on facts not found by a jury beyond a reasonable doubt violated his Sixth and Fourteenth Amendment rights under Apprendi. (Id. ¶ 11.) On November 27, 2007, the Appellate Division rejected each of his claims on the merits and affirmed his judgment of conviction. People v. Quinones, 45 A.D.3d 874 (2d Dep't 2007).

On March 31, 2008, Quinones was granted leave to appeal to the New York Court of Appeals. People v. Quinones, 10 N.Y.3d 815 (2008). Quinones again asserted his Apprendi claim, among others. The court affirmed on February 24, 2009. People v. Quinones, 12 N.Y.3d 116 (2009). It reasoned that, because Quinones's sentence was enhanced "based solely on the existence of two prior felony convictions," the sentence was constitutional under Apprendi's exception for facts of prior conviction. Id. at 128-129.

On October 5, 2009, the United States Supreme Court denied Quinones's petition for certiorari. Quinones v. New York, 130 S. Ct. 104 (2009).

On September 30, 2010, Quinones submitted the instant Petition pursuant to 28 U.S.C. § 2254, asserting only his Apprendi claim. (Pet. (Docket Entry #1).) On October 22, 2010, Quinones submitted a letter requesting that his habeas proceeding be held in abeyance pending the Supreme Court's decision on the petition for writ of certiorari filed in Portalatin. (Docket Entry # 2.) After the Supreme Court denied certiorari in that case, Quinones submitted a letter requesting that his habeas proceeding be held in abeyance pending the Supreme Court's

2

decisions on the petitions for writ of certiorari filed in People v. Battles, 16 N.Y.3d 54 (2010), and People v. Wells, 15 N.Y.3d 927 (2010). (See Docket Entry # 5.) Both petitions for writ of certiorari were denied on October 3, 2011. Battles v. New York, 132 S. Ct. 123 (2011); Wells v. New York, 132 S. Ct. 123 (2011). On October 14, 2011, Quinones submitted a letter informing this court of the Supreme Court's denial of certiorari in Battles and Wells, and requesting that his Petition be adjudicated or, in the event that the Petition is denied, that a certificate of appealability be issued. (Docket Entry # 7.) The court then issued an order to show cause to Respondent (Docket Entry # 8), and Respondent submitted an affidavit, exhibits, and a memorandum of law in opposition to the Petition (Docket Entry ## 9-10).

## II. HABEAS CORPUS STANDARDS

A district court is empowered to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), established a deferential standard of review that federal courts must apply when reviewing a claim in a habeas corpus petition that was adjudicated on the merits in state court proceedings. AEDPA provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was *contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States*; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. § 2254(d) (emphasis added).[1]

"Clearly established federal law refers to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision." Howard v. Walker, 406 F.3d 114, 122 (2d Cir. 2005). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. The question is "not whether the state court was incorrect or erroneous in rejecting petitioner's claim, but whether it was objectively unreasonable in doing so." Ryan v. Miller, 303 F.3d 231, 245 (2d Cir. 2002) (internal quotation marks, alterations, and emphases omitted). The petition may be granted only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with the [the Supreme] Court's precedents." Harrington v. Richter, 131 S. Ct. 770, 786 (2011).

## III. DISCUSSION

Quinones argues that the trial court deprived him of his Sixth and Fourteenth Amendment rights under Apprendi by sentencing him as a persistent felony offender under New York Penal Law § 70.10. (Pet. at 3.) The New York Court of Appeals upheld this decision on the merits. Quinones, 12 N.Y.3d at 131. For the reasons that follow, this holding was not contrary to, or an unreasonable application of, clearly established federal law.

---

[1]  Quinones relies upon § 2254(d)(1) alone as the basis for his Petition, and does not make reference to § 2254(d)(2). (See, e.g., Pet. at 14.)

In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. A sentence imposed that fails to comply with this rule violates the Sixth Amendment or, in the case of a state decision, the Fourteenth Amendment. See id. at 476.

New York Penal Law § 70.10 permits a trial court to impose a sentence above the otherwise applicable statutory maximum for the offense of conviction "[w]hen the court has found . . . that a person is a persistent felony offender, and when it is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest." N.Y. Penal Law § 70.10(2). The statute further defines "persistent felony offender" as "a person, other than a persistent violent felony offender . . . , who stands convicted of a felony after having previously been convicted of two or more felonies." Id. § 70.10(1).

The procedure by which a judge determines whether to sentence a defendant as a persistent felony offender is set forth in New York Criminal Procedure Law § 400.20. The Second Circuit has described this process as follows:

> [T]he prosecution must first prove beyond a reasonable doubt that the defendant is a [persistent felony offender]—that is, that he has previously been convicted of two or more qualifying felonies—before an enhanced sentence is authorized. But the court is also directed to engage in a second inquiry, and to assess whether a [persistent felony offender] sentence is warranted before imposing such a sentence, taking into consideration the "history and character" of the defendant and the "nature and circumstances of his criminal conduct."

Portalatin, 624 F.3d at 74 (citation omitted) (quoting N.Y. Crim. Proc. Law § 400.20(5)).

Here, the trial court followed this two-step process in sentencing Quinones. (See N.Y. Sup. Ct. Decision on Persistent Felony Offender Hearing (Docket Entry # 1-14).) The court first

5

found that Quinones had four prior felony convictions. (Id. at 1.) The court then "considered [Quinones's] history and character and the nature and circumstances of his criminal conduct," and found that Quinones had "made a career of crime, that he lack[ed] respect for people and their property, and that he [wa]s a menace to society." (Id. at 2; see also Sentencing Tr. (Docket Entry # 10-4) at 25-30.) Accordingly, the court found that Quinones was a persistent felony offender and sentenced him to eighteen years to life in prison. (Id.)

Quinones admits that he committed four prior felonies, and did not challenge their constitutionality during the sentencing hearing. (Sentencing Tr. at 32.) He argues only that, after finding that he had these prior convictions, the court violated Apprendi's rule by finding facts that "went far beyond recidivism and that should have been [found] by a jury beyond a reasonable doubt." (Pet. at 4)

This argument is foreclosed by Portalatin. In that case, the Second Circuit denied habeas relief to three petitioners who argued that their persistent felony offender sentences were unconstitutional for similar reasons to the ones that Quinones puts forward now. 624 F.3d at 94. After summarizing Apprendi and its progeny, see id. at 79-84, the court discussed how New York's persistent felony offender statute had been interpreted by the New York Court of Appeals, including in the appeal filed by Quinones himself, see id. at 84-87 (citing People v. Quinones, 12 N.Y.3d 116 (2009); People v. Rivera, 5 N.Y.3d 61 (2005); People v. Rosen, 96 N.Y.2d 329 (2001)). Each of those cases affirmed the validity of the persistent felony offender statute against Apprendi challenges on the basis that "'prior felony convictions are the *sole determin[ant]* of whether a defendant is subject to enhanced sentencing as a persistent felony offender,'" and that the second step of the sentencing process—in which the court considers the history and character of the defendant and the nature and circumstances of the offense conduct—

directs the trial court merely "to exercise discretion in determining where *within that newly expanded range to impose a sentence*." Id. at 84 (second emphasis added) (quoting Rosen, 96 N.Y.2d at 335). Based on this case law, the Second Circuit held that the persistent felony offender statute was constitutional under Apprendi's exception for facts of prior conviction. Id. at 93-94. Because "the predicate felonies alone expand the indeterminate sentencing range within which the judge has the discretion to operate," and the second step of the sentencing scheme is only a "procedural requirement that *informs* [ ] the sentencing court's discretion," the court concluded that "any facts that the sentencing judge consider[s] beyond those respecting recidivism do not implicate the Sixth Amendment, for they d[o] not—and could not—lead to a sentence in excess of th[e] Apprendi maximum." Id. at 91, 94 (emphasis added).

Portalatin controls the court's decision in this case. The trial court's finding that Quinones had committed four prior felonies—a fact that Quinones does not contest—expanded on its own Quinones's Apprendi maximum, and any additional facts the trial court considered under step two of the sentencing scheme were merely an exercise of discretion to determine where within the newly expanded range to impose a sentence. See id. at 84. Under Portalatin, this additional inquiry does not implicate Apprendi. See id. at 93-94.

IV. CONCLUSION

For the reasons set forth above, Quinones's Petition for Writ of Habeas Corpus is DENIED. Because Quinones has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue. See 28 U.S.C. § 2253(c). The Clerk of Court is

directed to enter judgment and close this case.

    SO ORDERED.

/S/

Dated: Brooklyn, New York  
      June 27, 2012

NICHOLAS G. GARAUFIS  
United States District Judge